IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GRIFFIN, | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-1623 |
| v. | : | |
| ROBERT GILMORE, et al., | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                                                                                                April 9, 2015

      The *pro se* petitioner, Gregory Griffin, filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 on March 23, 2015. Doc. No. 1. In the petition, the petitioner alleges that he is confined at State Correctional Institution Greene ("SCI Greene"). *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at 1. SCI Greene is located in the Western District of Pennsylvania. *See Vernon v. Custer*, No. 1:13-cv-1497, 2014 WL 1491211, at *1 (M.D. Pa. Apr. 15, 2014) (explaining that SCI Greene is "a correctional facility located in the jurisdiction of the United States District Court for the Western District of Pennsylvania" (citation omitted)). The petitioner also alleges that he is challenging a conviction and sentence entered in the Court of Common Pleas of Allegheny County. Pet. at 1. The Court of Common Pleas of Allegheny County is also located in the Western District of Pennsylvania. *See Mayer v. Di Guglielmo*, No. Civ.A. 03-5563, 2004 WL 322909, at *1 (E.D. Pa. Feb. 20, 2004) (citing 28 U.S.C. § 118(c) and indicating that the Court of Common Pleas of Allegheny County is located in the Western District of Pennsylvania).

      A state prisoner filing a *habeas corpus* petition in a state such as the Commonwealth of Pennsylvania, which contains multiple federal judicial districts, may file the petition "in the

district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). As indicated above, the petitioner is in custody in the Western District of Pennsylvania and his conviction and sentencing occurred in the Western District of Pennsylvania. Accordingly, the petitioner's filing of his petition in the Eastern District of Pennsylvania was improper.

Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As explained above, the petitioner should have filed this *habeas* petition in the Western District of Pennsylvania. Therefore, in the interest of justice, the court will transfer this action to the United States District Court for the Western District of Pennsylvania.[1]

BY THE COURT:

/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.

---

[1] There is some debate as to whether 28 U.S.C. § 2241(d) is a venue provision or a jurisdictional provision. *Compare Matter of Green*, 39 F.3d 582 (5th Cir. 1994) ("Federal habeas corpus jurisdiction is determined by 28 U.S.C. § 2241(d)."), *with Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Section 2241(d) is so clearly a special venue provision."). Regardless of whether the court considered the improper filing of the *habeas* petition in this case as an issue of improper venue or an issue of a lack of jurisdiction, the court would still transfer the case to the Western District of Pennsylvania. *See* 28 U.S.C. § 1631 (allowing district court to remedy a jurisdictional defect by transferring the action to a jurisdictionally proper court if doing so would serve the "interest of justice").

Additionally, reasonable jurists would not debate transferring this case to the Western District of Pennsylvania; as such, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).